ROBERT L. BLAND, JUDGE,
dissenting..
The claim is filed for the refund of an overpayment of gross sales tax. The reason assigned for such overpayment is the faulty interpretation by claimant of the term “gross proceeds of sale.” The amount of the refund originally sought was $1147.43, the aggregate amount of alleged overpayments for the years 1939 to 1944. The petition was so amended as to reduce the amount to that for which the award is made.
Chapter 11, article 1, section 2a of the code of ^Vest Virginia provides that any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state may, within two years from the date of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment of which is claimed by him to have been required unlawfully. No application, under this statute, was made to the tax commissioner, within two years from payments, for the refund of overpayment of taxes for which the above award is made. The specific remedy afforded by such statute for the refund sought was not pursued.
Section 21 of the court of claims act provides as follows:
*98 “Limitations of Time. — The court shall not take jurisdiction over a claim unless the claim is filed within five years after the claim might have been presented to such court . . .”
The single question presented by the record in this case is by which of the two statutes of limitations aforesaid is the claim controlled.
By its failure to make application to the tax commissioner for refund under code chapter 11, article 1, section 2a, I think claimant has slept upon its rights. It has exhausted a specific remedy provided by law.
In the opinion in the case of State v. Penn Oak Oil & Gas Company, Inc. 128 W. Va. 212; 36 S. E. (2d) 595, Judge Fox says:
“When a statute imposing a tax provides the taxpayer with a specific remedy against injustices arising thereunder, and the taxpayer fails to avail himself of the remedy so provided, he cannot go outside the statute for other and different remedies.”
I refer to my dissenting statements in Raleigh County Bank v. State Tax Commissioner and Eastern Coal Sales Company v. State Tax Commissioner, in both of which awards were made by a majority of the court at its present term, for further elaboration of my opposing views.